UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-CV-12329-RGS

MAUREEN OGIEMWONYI, and
OSAGIE OGIEMWONYI

v.

UNITED STATES, MARK COLLINS, M.D., and
NORTH SHORE MEDICAL CENTER

MEMORANDUM AND ORDER
ON DEFENDANT UNITED STATES' MOTION TO DISMISS

August 12, 2014

STEARNS, J.

Had their attorney not filed the lawsuit until several days after the expiration of the limitations period for suits against the United States established by 28 U.S.C. § 2401(b), the Ogiemwonyis' medical malpractice claim against Dr Kristin Cotter would have fallen under the Westfall Act's[1] exception for negligence claims against federal employees. To overcome sovereign immunity, § 2401(b) requires that an action be commenced no later than six months following the mailing, by certified or registered mail, of notice of a final denial of a properly presented claim. While the Ogiemwonyis seek to invoke equitable tolling, theirs is not a case in which

---

[1] *See* 28 U.S.C. §§ 2671-2680.

the "sparing" relief offered by the doctrine applies. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Consequently, the motion of the United States to dismiss the Ogiemwonyis' lawsuit for want of subject matter jurisdiction will be allowed.

BACKGROUND

Maureen and Osagie Ogiemwonyi filed suit in Massachusetts Superior Court against Dr. Kristin Cotter, Dr. Mark Collins, and North Shore Medical Center, alleging medical malpractice in performing a cesarean section on Maureen Ogiemwonyi in October of 2011, which caused her serious personal injuries. As Dr. Cotter was then a federal employee acting within the scope of her employment, the United States removed the action to this court and substituted itself as the named defendant pursuant to 28 U.S.C. § 2679(d). *Cf. Roman v. Townsend*, 224 F.3d 24, 27 (1st Cir. 2000) (failure to properly name the United States in a Westfall action is a fatal jurisdictional defect).

Throughout the proceedings, the Ogiemwonyis were represented by an attorney, Maria Mazur. With Mazur's assistance, the Ogiemwonyis made a timely submission of an administrative tort claim to the Office of the General Counsel (OGC) of the Department of Health and Human Services (HHS). The Ogiemwonyis, through attorney Mazur, received a

letter denying their claim and informing them that they could either file a written request for reconsideration by the OGC, or could litigate their claim by filing suit within six months of the date of the mailing of the denial letter.[2] Mazur filed no express written request for reconsideration, and alleges that the OGC undertook to reconsider the matter based on additional financial documents related to the Ogiemwonyis' claim that she submitted pursuant to her telephone conversation with Daniel Mendoza, an OGC paralegal, on April 9, 2013. The cover letter accompanying the documents made no mention of a request for reconsideration of the denial. Mazur claims, however, that she was orally assured by the paralegal that a reconsideration of the denial would be undertaken in due course. No further action was taken by Mazur or the Ogiemwonyis until October 18, 2013, when Mazur filed suit nine days after the expiration of the six-month limitations period.

## DISCUSSION

---

[2] The requirements outlined in the denial letter for preservation of a federal tort claim mirror those in 28 C.F.R. § 14.9: "Final denial of an administrative claim shall be in writing and sent to the claimant. . . . The notification of final denial ... shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification." 28 C.F.R. § 14.9(a). "Prior to the commencement of suit and prior to the expiration of the 6-month period . . . a claimant . . . . may file a written request with the agency for reconsideration of a final denial of a claim . . . ." 28 C.F.R. § 14.9(b).

"In the FTCA [Federal Tort Claims Act] . . . Congress waived the government's sovereign immunity with respect to private tort actions. That waiver, however, is hedged by a number of restrictions and conditions." *Roman-Cancel v. United States*, 613 F.3d 37, 41 (1st Cir. 2010). [3] "The limitations period prescribed in the FTCA constitutes a condition of the immunity waiver, and its expiration extinguishes any potential governmental liability." *Id.* at 41. "As with all waivers of sovereign immunity, the Supreme Court has warned that this limitation, which requires a timely presentation of tort claims against the government, must be strictly construed." *Skwira v. United States*, 344 F.3d 64, 73 (1st Cir. 2003).

"The FTCA sets out a six-month period following the denial of an administrative claim in which an FTCA action premised on that claim may be brought. Prior to the expiration of that period, a claimant, as an alternative, also has six months to file a request with the agency for reconsideration of the previously denied claim." *Roman-Cancel*, 613 F.3d at 43. "[F]ailure to comply with the FTCA's statute of limitations means that

---

[3] "The limitations and exceptions of the FTCA apply to an action after the United States substitutes itself for the individual defendants, *see* 28 U.S.C. § 2679(d)(4), including the requirement that a tort claim against the United States be filed within six months of a denial of an Administrative Claim filed with a federal agency." *Townsend*, 224 F.3d at 28.

the district court lacks subject matter jurisdiction to entertain the suit and must dismiss it." *Skwira*, 344 F.3d at 71.

"[E]quitable tolling of a federal statute of limitations is 'appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands.'" *Salois v. Dime Sav. Bank of New York, FSB*, 128 F.3d 20, 25 (1st Cir. 1997). The court considers five factors in determining whether equitable tolling is appropriate: "(1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the filing requirement." *Mercado v. Ritz–Carlton San Juan Hotel, Spa & Casino,* 410 F.3d 41, 48 (1st Cir. 2005) (citation and internal quotation marks omitted). "Equitable tolling . . . is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." *Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004). Equitable tolling does not apply to what is "at best a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 90.

The facts of this case fail to make out even a garden variety excuse, much less an extraordinary circumstance justifying the extraordinary relief of equitable tolling. First, it will be noted that none of the five factors

identified in *Mercado* (with the possible exception of the fourth) weigh in the Ogiemwonyis' favor.[4] Second, n0 reasonably prudent counsel would believe that mailing a client's financial documents to a paralegal in a government office, without reference to any request for a reconsideration of a denial of a claim, would be deemed to satisfy the minimal requirements of a formal notice of appeal or a request for reconsideration. Nor would prudent counsel rely on the prospective oral assurances of a paralegal that nothing further need be done. And when nothing was done and the limitations period deadline loomed, any prudent counsel would have realized her mistake and acted immediately to file suit to save the clients' claim. In other words, there is no basis on the facts presented here for invocation of the doctrine of equitable tolling.

ORDER

For the foregoing reasons, the Motion of the United States to Dismiss is <u>ALLOWED</u> with prejudice. There being no remaining federal interest, the claims against Dr. Collins and the North Shore Medical Center are remanded to the Essex Superior Court. The Clerk will forward the case file with a copy of this decision and close the federal docket.

---

[4] There is no claim of actual or constructive ignorance of the filing deadline, nor given the involvement of Mazur would such a claim be plausible.

SO ORDERED.

<u>/s/Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE